[760 NYS2d 500]

In the Matter of JAMES C. JENKINS II (Admitted as JAMES CARLIOUS JENKINS II), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 24, 2003

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Michele Gaynor* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on application dated July 31, 2002, the petitioner was authorized to institute and prosecute a disciplinary proceeding against the respondent, and the issues raised were referred to the Honorable Vincent Pizzuto, as Special Referee to hear and report. The respondent was directed to submit

an answer to the petition within 10 days after service of the petition upon him.

The petitioner now moves for leave to enter a judgment against the respondent based upon his failure to answer the petition within the time set by the order dated July 31, 2002, and to impose discipline upon the charge set forth in the petition. The charge is predicated upon the respondent's failure to disclose a guilty plea to felony charges on his application for admission to the New York State Bar.

The one-charge petition, dated August 12, 2002, was personally served on the respondent on August 15, 2002, in Tallahassee, Florida. To date, the respondent has failed to serve an answer. Accordingly, the charge must be deemed established on the respondent's default in appearing or answering.

Although served on October 3, 2002, with the petitioner's notice of motion for leave to impose discipline based upon his failure to appear or answer, the respondent has not submitted any reply thereto.

Under the circumstances, the petitioner's motion is granted, the respondent is disbarred on default, and, effective immediately, his name is stricken from the roll of attorneys and counselors-at-law.

RITTER, J.P., SANTUCCI, ALTMAN, FLORIO and CRANE, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, James C. Jenkins II, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, James C. Jenkins II is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.